CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAY 23 2008

JOHN F. CORCORAN, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:94CR00041-4 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| JOSEPH EDWARDS MONROE, | ) | |
| | ) | By: B. WAUGH CRIGLER |
| Defendant. | ) | U.S. MAGISTRATE JUDGE |

In accordance with a Memorandum Opinion and Order entered by the United States Court of Appeals for the Fourth Circuit (Dkt. No. 247), the presiding District Judge entered an Order on March 10, 2008 referring the case to the undersigned to conduct proceedings and render a Report and Recommendation on the sole question of whether the defendant has established excusable neglect or good cause warranting an extension of the ten-day appeal period. On May 22, 2008, an evidentiary proceeding was conducted, at which time the undersigned heard defendant's testimony and received exhibits offered on his behalf. The Government presented no evidence other than by way of cross examination. For the reasons that follow, the undersigned finds excusable neglect and good cause warranting extension of the ten-day appeal period.

## FACTUAL BACKGROUND

The undersigned need not repeat the procedural history of the case, as all matters pertinent are reflected in the Opinion of the Court of Appeals decided on February 29, 2008. Nevertheless, the important facts which have become the law of the case, and stipulated as operative here, are that the district court's Order denying defendant's motion to reconsider was entered on July 25, 2007, the ten-day appeal period expired on August 8, 2007, and defendant's *pro se* notice of appeal was mailed within the thirty-day period that would be allowed for the extended filing of an appeal notice upon a showing of excusable neglect under Fed. R. App. P. 4(b)(4). Whether

excusable neglect or good cause can be shown is the issue here.

Joseph Edwards Monroe testified that he has been incarcerated at FCI Allenwood, White Deer, Pennsylvania since 2005. He filed his motion for reconsideration with the trial court while at Allenwood and received the Oder entered on July 25, 2007 either on August 20 or 21, 2007. He identified Defendant's Exhibit #1 as the envelope in which the July 25, 2007 Order was sent to him. Inside that envelope was a copy of the July 25, 2007 Order. The envelope was metered on August 13, 2007 and postmarked August 14, 2007.

Monroe further stated that upon receiving the Order, he went to the prison library as quickly as he was allowed, to research whether he could challenge the Order. Thereafter, he typed and mailed the notice of appeal. Monroe identified Defendant's Exhibit #2 as a portion of a log entry from FCI Allenwood showing he mailed his notice of appeal on August 29, 2007.

On cross examination, counsel for the government sought to examine defendant about his prior appeals and efforts to collaterally attack his sentence. The undersigned sustained the objection by defendant's counsel[1]on relevance grounds but permitted the AUSA to make a record relating to the Government's positions: a) that defendant's appeal actually should be construed as a successive petition for habeas corpus relief under 28 U.S.C. § 2255; and b) that the issues he now seeks to pursue on appeal either were not set forth in his notice of appeal or have been rendered moot by an intervening decision by the United States Supreme Court. The Government presented no other cross examination relevant to defendant's direct testimony.

**FINDINGS**

It is undisputed on the evidence presented to the undersigned, which was not before the Court of Appeals when it remanded the case for further proceedings, that the district court's July

---

[1]The court appointed Andrea Harris, Assistant Public Defender, to represent defendant in these evidentiary proceedings.

25, 2007 Order denying defendant's motion to reconsider was not mailed to defendant until August 14, 2007, more than ten days after the Order became appealable and clearly after the appeal period had run. Monroe did not receive the Order in the mail until well after the ten days had expired, but within the thirty-day period allowed for an extension for excusable neglect. How long it took defendant then to draft and file his notice of appeal essentially is not material, except that the evidence here does not show additional unjustifiable delay by Monroe. Defendant explained that as soon as he could be taken to the law library, he went and drafted the notice of appeal promptly after determining for himself he could challenge the Order.

For the forgoing reasons, the undersigned hereby FINDS that defendant has shown excusable neglect and good cause warranting an extension of the ten-day appeal period.

The Clerk is directed to immediately transmit the record in this case to Honorable Norman K. Moon. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: [signature]
U. S. Magistrate Judge

May 23, 2008
Date