CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
02/19/2019
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:94-cr-00014 |
| v. | MEMORANDUM OPINION |
| JOSEPH EDWARDS MONROE, *Defendant.* | JUDGE NORMAN K. MOON |

Defendant Joseph Edwards Monroe ("Defendant") has filed an amended motion for reduction of sentence pursuant to the First Step Act of 2018. (Dkt. 58). The motion has been fully briefed and is ripe for review. For the following reasons, the Court will grant Defendant's motion.

A multi-count indictment was filed against Defendant on August 11, 1994. (Dkt. 1). The indictment charged Defendant with one count of conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); and one count of possession with the intent to distribute more than 5 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). (Dkts. 351 at 2; 352 at 1). On February 28, 1995 a jury convicted Defendant of both counts. (*Id*.). Based on Defendant's prior felony drug conviction, the United States motioned for an upward departure pursuant to 21 U.S.C. § 851(a)(1). (Dkt. 352 at 2). Pursuant to § 851(a)(1), Defendant's penalty range was a mandatory minimum of 20 years imprisonment and a maximum of life imprisonment. Under the then-mandatory guidelines, Defendant was sentenced to the mandatory minimum of 360 months imprisonment and 10 years of supervised release. (*Id*.). Defendant later filed a motion to reduce his sentence pursuant to Amendment

1

750, but it was denied due to his career offender status. (*Id*.). Defendant then filed this amended motion pursuant to the newly enacted First Step Act. (Dkt. 351).

Section 404 of the First Step Act of 2018 permits "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id*.

Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which states: "The court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." In determining if modification is appropriate, the Court will first address whether a reduction is consistent with the First Step Act, and will then "consider whether the authorized reduction is warranted, either in whole or in part, according to the facts set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010)[1]

The parties agree that Defendant's offense of conviction is a "covered offense" as defined by the First Step Act. The offense was committed before August 3, 2010 and the applicable

---

[1] Although subsection 3582(c)(1)(B) does not reference 3553(a) as do other 3582(c) subsections, that alone does not bar consideration of other factors. While the *Dillon* Court analyzed the procedures under § 3582(c)(2), the language quoted is reflected in § 3582(c)(1)(B). Additionally, this approach is mirrored by the Fourth Circuit's analysis under Rule 35(b), which allows the Court to "consider other sentencing factors . . . when deciding the extent of a reduction." *United States v. Davis*, 679 F.3d 190, 195 (4th Cir. 2012); *see also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP Act*, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited Feb. 11, 2019). ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

penalties were modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine based offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). As relevant in this case, section 2 of the Fair Sentencing Act increased the drug quantities necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Pub. L. No. 111–220, 124 Stat. 2372 (2010). Specifically, the threshold requirement to trigger the mandatory minimum sentence of ten years under 21 U.S.C. § 841(b)(1)(A) was increased from fifty grams to 280 grams. *Id*.

At the time of Defendant's sentencing, pursuant to the § 851 enhancement, the applicable, and then-mandatory, sentencing range was 360 months to life imprisonment. Under the First Step Act, the guidelines range for Defendant's offense, taking into account the § 851 Information, remains 360 months to life imprisonment. *See* 21 U.S.C. § 841(b)(1)(B).

The Court has been advised that Defendant's projected release date is February 22, 2021. The parties agree that Defendant is eligible for a sentence reduction under the First Step Act, but disagree as to how the Court should consider the factors set forth in § 3553(a). After consideration of the § 3553(a) factors as well as the parties' arguments, the Court determines that a reduction of Defendant's sentence to time served is appropriate. The original sentencing judge stated that, because Defendant was less culpable than the leader of the conspiracy, he would sentence Defendant to less than 360 months if he was not constrained by the mandatory minimums. (Dkt. 355-1 at 103). The trial judge was in the best position to make determinations as to the existence of a sentencing disparity, but he also noted that, due to Defendant's record, Defendant was not entitled to much consideration. (*Id*. at 105). After a review of the record, this Court finds that a preponderance of the evidence supports a finding of a disparity. Therefore, I

conclude that a variance is justified in order to avoid the disparity.[2]  Defendant will be sentenced to time served, a relatively small variance considering it is about two years of a thirty year sentence.  Defendant's sentence will be followed by a term of supervised release of 8 years on Count One and 6 years on Count Four.  All other terms of the original sentence will remain the same.

    The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

    Entered this 19th day of February 2019.

```
                                    NORMAN K. MOON
                                    SENIOR UNITED STATES DISTRICT JUDGE
```

---

[2]  Defendant argues that the Court should consider the sentencing disparity created by President Obama's Grant of Clemency as to Co-Defendant Smith, who the sentencing judge identified as the leader of the organization. (Dkt. 355 at 2, 355-1 at 103).  The Court did not take this grant of clemency into account because the Court lacks the information necessary to determine that the factors relevant to President Obama's decision would also be relevant in this case.